46 F.3d 1133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gerald HAAG, Petitioner,
v.
INDRESCO, INCORPORATED, Jeffrey Mining Division and Director
of Workers Compensation Programs, Respondents.
 No. 94-2218.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 24, 1995.
Decided Feb. 1, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Gerald Haag petitions this court for review of a final decision of the Benefits Review Board denying him benefits under the Black Lung Benefits Act (the Act), 30 U.S.C. Secs. 901 et seq. We affirm the denial of benefits and deny the petition for review.
 
 I. FACTS
 
 2
 Gerald Haag worked as a trip rider and machine operator in coal mines from 1942 until 1960. In 1960, he began working for Jeffrey Mining Machinery Company, a division of Dresser Industries, as an equipment demonstrator and service engineer. He retired in 1982. He applied for benefits under the Act in 1974[1] and was awarded benefits in 1979.[2] In 1985, Dresser Industries was named the responsible operator. Dresser sought review of whether it was the responsible operator and at the same time challenged Haag's entitlement to benefits.
 
 
 3
 In 1988, an Administrative Law Judge (ALJ) issued an order denying benefits, finding that although Haag was entitled to the interim presumption of benefits, it had been rebutted. 20 C.F.R. Sec. 727.203(a) and (b)(2). The ALJ also found that Dresser was not a responsible operator and that Haag must repay the benefits he had received. On appeal to the Benefits Review Board (the BRB or Board), the Board remanded the case to the ALJ for a determination as to whether the evidence was legally sufficient to establish rebuttal under Sec. 727.203(b)(2) and Wetherill v. Director, Office of Workers' Compensation Program, 812 F.2d 376 (7th Cir.1987). The ALJ again denied benefits, finding that the interim presumption had been rebutted and that Haag was able to perform his usual coal mine employment.[3] The ALJ determined that the objective medical evidence indicates that Haag is not totally disabled. First, four of five pulmonary function tests were within normal limits. Second, the blood gas studies, although low, were not qualifying. Finally, the ALJ, relying on the opinion of Dr. Brashear, concluded that Haag suffered from no pulmonary impairment whatsoever. On appeal, the Board affirmed the ALJ's decision.
 
 II. MEDICAL EVIDENCE
 
 4
 The ALJ considered the medical opinions of Drs. Brashear, Bomba, Stewart and Houser, and concluded that the "well reasoned and well documented" reports of Dr. Brashear were the most persuasive. Dr. Brashear indicated that Haag's x-ray was positive for pneumoconiosis, but noted that pulmonary function and blood gas tests indicated no pulmonary impairment. A follow-up report by Dr. Brashear indicated that Haag's lungs were "entirely clear."
 
 
 5
 Dr. Bomba diagnosed coal miner's pneumoconiosis, chronic bronchitis, and mild chronic obstructive pulmonary disease. He concluded that Haag is totally disabled due to his pneumoconiosis and bronchitis. Dr. Bomba stated that Haag's blood tests were within normal limits. The ALJ gave less weight to Dr. Bomba's report because he failed to list the different types of work Haag performed at Jeffrey and based his opinion on less medical evidence than that relied upon by Dr. Brashear.
 
 
 6
 Dr. Stewart concluded that x-ray and pulmonary function tests revealed evidence of black lung "which meets the requirements for total and permanent disability benefits." Dr. Stewart's opinion also was given less weight by the ALJ because he failed to explain why the results of a ventilatory study he performed were "completely out of line" with later studies and he based his opinion of total disability solely on a pulmonary function test, although an examination of Haag "yielded completely normal results."
 
 
 7
 Finally, Dr. Houser's report was given less weight because although Haag produced an x-ray administered by Dr. Houser, he did not submit the results of a physical exam and pulmonary function test conducted by Dr. Houser.
 
 III. STANDARD OF REVIEW
 
 8
 This case is before us on appeal from a decision of the Board, but we review the decision of the ALJ, not of the Board. Old Ben Coal Co. v. Battram, 7 F.3d 1273, 1275 (7th Cir.1993); Dotson v. Peabody Coal Co., 846 F.2d 1134, 1137 (7th Cir.1988). We must determine whether the ALJ's decision is rational, supported by substantial evidence and consistent with the governing law. Battram, 7 F.3d at 1275; Old Ben Coal Co. v. Luker, 826 F.2d 688, 691 (7th Cir.1987); see Freeman United Coal Mining Co. v. Benefits Review Board, 919 F.2d 451, 452 (7th Cir.1990) (Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). While we may not reweigh the evidence or substitute our own judgment for that of the ALJ, Meredith v. Bowen, 833 F.2d 650, 653 (7th Cir.1987), we must carefully review the record and the ALJ's findings. The "ALJ must consider all relevant medical evidence, cannot substitute his expertise for that of a qualified physician, and absent countervailing clinical evidence or a valid legal basis for doing so, cannot simply disregard the medical conclusions of a qualified physician." Wetherill v. Director, Office of Workers' Compensation Programs, 812 F.2d 376, 382 (7th Cir.1987).
 
 IV. DISCUSSION
 
 9
 To qualify for benefits under the Act, a miner must show that he is "totally disabled due to pneumoconiosis." 30 U.S.C. Sec. 901(a). A miner must satisfy three requirements to be eligible to recover benefits: (1) that he suffers from pneumoconiosis; (2) that his pneumoconiosis arose at least in part out of his coal mine employment; and (3) that his pneumoconiosis caused the total disability. Shelton v. Old Ben Coal Co., 933 F.2d 504, 505 (7th Cir.1991).
 
 
 10
 Because Haag's claim was filed in 1974, the interim regulations under 20 C.F.R. Sec. 727.203 govern. Pursuant to Sec. 727.203(a), a miner is entitled to a legal presumption that he is totally disabled due to pneumoconiosis if he establishes that he has worked more than ten years in mines and he suffers from pneumoconiosis. 20 C.F.R. Sec. 727.203(a)(1)-(4). The ALJ determined that Haag invoked the interim presumption of entitlement: Haag worked in the mines for over ten years and produced evidence of pneumoconiosis. 20 C.F.R. Sec. 727.203(a)(1) (chest x-rays establishing the presence of pneumoconiosis).[4]
 
 
 11
 This legal presumption, however, may be rebutted by the employer. 20 C.F.R. Sec. 727.203(b); Battram, 7 F.3d at 1275.[5] The ALJ determined that the evidence presented by the employer rebutted the presumption under Sec. 727.203(b)(2), establishing that Haag is capable of performing his usual or comparable duties. 20 C.F.R. Sec. 727.203(b)(2). The sole issue on appeal is whether the employer sufficiently rebutted the presumption that Haag was totally disabled due to his pneumoconiosis.
 
 
 12
 Haag first argues that the ALJ incorrectly placed part of the burden of rebuttal on Haag. In order to rebut the presumption of disability under (b)(2), Jeffrey had to demonstrate that, in light of all relevant evidence, Haag was able to perform his usual coal mine work or comparable and gainful work. See Amax Coal Co. v. Beasley, 957 F.2d 324, 327 (7th Cir.1992) (employer must rebut the presumption by a preponderance of evidence). The ALJ analyzed the medical evidence and reached the conclusion that Haag suffered from no pulmonary impairment and thus could perform his duties or comparable work. There is no support in the ALJ's order for Haag's argument that the ALJ improperly placed the burden of rebuttal on him.
 
 
 13
 Haag further contends that Dr. Brashear's opinion that Haag does not suffer from a pulmonary impairment is inaccurate and does not lead to the conclusion that Haag is able to perform his usual coal mine work. In response, Jeffrey relies on the holding of Freeman United Coal Mining Co. v. Foster, 30 F.3d 834 (7th Cir.1994). In that case, this court stated that a proper reading of Sec. 727.203(b) must reflect the "understanding that the goal, in the language of the statute, is to identify and compensate 'total disability due to pneumoconiosis' ...," and it would be "linguistically impossible" to say that a person not disabled by pneumoconiosis but by some other injury, is totally disabled by pneumoconiosis. Id. at 838. The court held that a disabling condition unrelated to pulmonary problems may overcome the interim presumption. Id. at 839. It seems only logical to extrapolate that a non-disabling condition may also overcome the interim presumption. As Judge Easterbrook pointed out in Foster, a miner not disabled by pneumoconiosis is not entitled to benefits under the Act. Similarly, Haag is not disabled by any impairment of any kind, although he suffers from pneumoconiosis, and is not entitled to benefits under the Act. As the Board noted, a finding of no pulmonary impairment is equivalent to a finding that the claimant could perform his usual coal mine employment. It is not irrational to determine that Haag is able to work if he suffers from no disability.[6]
 
 
 14
 Inasmuch as Haag seems to argue that the ALJ's decision is not rational or supported by substantial evidence, the record supports the ALJ's findings. The ALJ clearly explained his reliance on Dr. Brashear's opinion and his reasons for giving less weight to the opinions of other doctors. Dr. Bomba did not have Haag's full work history or as much evidence on which to base his opinion as did Dr. Brashear. Similarly, Dr. Stewart's opinion was given less weight because of questionable ventilatory test results and an examination that produced "normal results." Based on this medical evidence, along with the thorough review of Haag's work responsibilities,[7] the ALJ's decision was not irrational and was supported by substantial evidence.
 
 V. CONCLUSION
 
 15
 The ALJ properly placed the burden of rebuttal on Jeffrey. Haag is not entitled to benefits under the Act because he is capable of performing his usual or comparable duties. The ALJ did not err in relying on Dr. Brashear's opinion. Therefore, Jeffrey has sufficiently rebutted the presumption of total disability arising out of coal mine employment. We AFFIRM the denial of benefits and DENY the petition for review.
 
 
 
 [1]
 Apparently Haag applied for and was denied benefits in 1974, but was informed that his case was being reconsidered after the 1977 amendments
 
 
 [2]
 Haag's benefits were retroactive to 1974
 
 
 [3]
 The ALJ also examined the question of rebuttal under 20 C.F.R. Sec. 410.490, as directed by the BRB. Concluding that rebuttal under Sec. 727.203 is tantamount to rebuttal under Sec. 410.490, the ALJ denied benefits
 
 
 [4]
 A miner can meet the medical evidence requirement if (1) a chest x-ray, biopsy or autopsy establishes the presence of pneumoconiosis; (2) ventilatory studies establish the presence of a respiratory or pulmonary disease; (3) blood gas studies demonstrate the presence of an impairment in the transfer of oxygen from the lungs into the blood; or (4) other medical evidence, including the documented opinion of a physician exercising reasonable medical judgment, establishes the presence of a totally disabling respiratory impairment. 20 C.F.R. Sec. 727.203(a)(1)-(4)
 
 
 [5]
 An employer may rebut the presumption by demonstrating: (1) that the miner is engaged in his usual coal mine or comparable work; (2) that he is capable of performing his usual or comparable duties; (3) that the total disability or death was not wholly or in part caused by coal mine employment; or (4) that the miner does not and did not suffer from pneumoconiosis. 20 C.F.R. Sec. 727.203(b)(1)-(b)(4)
 
 
 [6]
 No medical opinion was offered that Haag suffered from any disability
 
 
 [7]
 The ALJ noted Haag's work requirements (much travel time and the "conditions were not always extremely dusty and did not require continuous heavy exertion")